ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

ALEX J. HARDEE (NC Bar No. 56321)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
202-514-2398
alex.hardee@usdoj.gov

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMITTEE FOR A BETTER ARVIN, *et al.*, | |
| Plaintiffs, | Case No. 3:25-cv-03326-MMC |
| v. | [~~PROPOSED~~] CONSENT DECREE |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | Hon. Maxine M. Chesney |
| Defendants. | |

WHEREAS, on April 14, 2025, Plaintiffs Committee for a Better Arvin, Healthy Environment for All Lives, Medical Advocates for Healthy Air, and Sierra Club filed a Complaint against Defendants United States Environmental Protection Agency (EPA), the EPA Administrator, and the EPA Regional Administrator, alleging that Defendants failed to undertake certain nondiscretionary duties under the Clean Air Act, 42 U.S.C. §§ 7509(c)(1) & 7410(k)(2);

WHEREAS, on April 28, 2025, Plaintiffs filed an Amended Complaint for Injunctive and Declaratory Relief maintaining the same allegations as the Complaint but amending certain requested remedies;

WHEREAS, the Clean Air Act controls air pollution through a system of shared federal and state responsibility. *Gen. Motors Corp. v. United States*, 496 U.S. 530, 532 (1990). EPA sets national ambient air quality standards (NAAQS) for several enumerated air pollutants, including ozone. 42 U.S.C. § 7409. Areas that are designated "nonattainment" with one or more NAAQS are subject to more stringent requirements under the Clean Air Act than areas that are in "attainment." To achieve and maintain the NAAQS, the Act requires states to develop state implementation plans (SIPs), which are subject to EPA approval. *Id.* § 7410(k). SIPs must contain contingency measures to take effect if a plan fails to make "reasonable further progress" or attain the NAAQS by the applicable attainment date. *Id.* § 7502(c)(9);

WHEREAS, in 1997, EPA established a NAAQS for ozone of 0.08 parts per million averaged over an 8-hour period, 40 C.F.R. § 50.10;

WHEREAS, EPA updated the ozone NAAQS in 2008 and revoked the 1997 ozone NAAQS, but is still required to determine whether an area attained the 1997 ozone NAAQS by the area's attainment date for "anti-backsliding purposes to address an applicable requirement for nonattainment contingency measures and [Clean Air Act] section 185 fee programs," 40 C.F.R. § 51.1105(d)(2)(iii);

WHEREAS, the San Joaquin Valley is classified as "Extreme" nonattainment for the 1997 ozone NAAQS, *see* 75 Fed. Reg. 24409 (May 5, 2010);

WHEREAS, the attainment date for the 1997 ozone NAAQS in the San Joaquin Valley is June 15, 2024, *see id.* at 24415;

|   |   |
|---|---|
| 1 | WHEREAS, the Clean Air Act requires EPA to determine whether a nonattainment area |
| 2 | attained the relevant NAAQS within six months of the attainment date, 42 U.S.C. § 7509(c)(1), |
| 3 | or, in this case, by December 15, 2024; |
| 4 | WHEREAS, the Clean Air Act requires EPA to "act on" a SIP submission within 12 |
| 5 | months of a determination of completeness (or of completeness by operation of law), either |
| 6 | approving or disapproving it in whole or in part, or conditionally approving it, depending on |
| 7 | whether the SIP submission's components meet the Act's requirements, 42 U.S.C § 7410(k)(2), |
| 8 | (4); |
| 9 | WHEREAS, on November 13, 2023, the California Air Resources Board (CARB) |
| 10 | submitted the California Smog Check Contingency Measure State Implementation Plan Revision |
| 11 | (Smog Check Contingency Measure SIP) to EPA as a revision to the California SIP for San |
| 12 | Joaquin Valley area, among other areas; on December 20, 2023, EPA found the Smog Check |
| 13 | Contingency Measure SIP to be administratively complete, 88 Fed. Reg. 87981, 87982 (Dec. 20, |
| 14 | 2023); and on July 9, 2024, EPA approved the Smog Check Contingency Measure SIP as |
| 15 | "providing an individual contingency measure for the various nonattainment areas and NAAQS |
| 16 | to which the SIP applies," but did not make a determination as to whether the Smog Check |
| 17 | Contingency Measure SIP meets the overarching attainment-related contingency measure |
| 18 | requirements under the Clean Air Act for San Joaquin Valley for the 1997 ozone NAAQS, 89 |
| 19 | Fed. Reg. 56222, 56227 (July 9, 2024); |
| 20 | WHEREAS, the Clean Air Act requires EPA to take final action on the Smog Check |
| 21 | Contingency Measure SIP with respect to the overarching contingency measures requirements, |
| 22 | by full or partial approval or disapproval, or conditional approval, for the San Joaquin Valley |
| 23 | area for purposes of the 1997 Ozone NAAQS, by December 20, 2024, 42 U.S.C. § 7410(k)(2); |
| 24 | WHEREAS, the Amended Complaint alleges that EPA did not make an attainment |
| 25 | determination for the San Joaquin Valley with respect to the 1997 ozone NAAQS by the |
| 26 | December 15, 2024 deadline; |
| 27 | WHEREAS, the Amended Complaint alleges that EPA did not take final action on the |
| 28 | Smog Check Contingency Measure SIP by the December 20, 2024 deadline; |

WHEREAS, EPA has committed to take the statutorily required actions in accordance with the agreed deadlines set forth below;

WHEREAS, the parties, by entering into this Consent Decree, do not waive or limit any claim or defense, on any grounds, related to any final EPA actions;

WHEREAS, the parties consider this Consent Decree to be an adequate and equitable resolution of all claims in this matter;

WHEREAS, it is in the interest of the parties, judicial economy, and the public to resolve this matter without protracted litigation;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

NOW, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the parties, it is decreed:

1. This Court has subject-matter jurisdiction over the claims in this action under 28 U.S.C. § 1331 and the citizen suit provision in 42 U.S.C. § 7604(a)(2) and personal jurisdiction over the parties.

2. Venue is proper in this judicial district pursuant to 42 U.S.C. § 9613(b), 28 U.S.C. § 1391(e), and Civil Local Rule 3-2(c), (d).

3. No later than September 15, 2025, consistent with 42 U.S.C. § 7509(c)(1) and pursuant to 40 C.F.R. § 51.1105(d)(2)(iii), the appropriate EPA official shall sign a final rule making a determination of attainment, or failure to attain, by the applicable attainment date for San Joaquin Valley with respect to the 1997 ozone NAAQS.

4. No later than January 23, 2026, pursuant to 42 U.S.C. § 7410(k)(2)–(4), the appropriate EPA official shall sign one or more final rules that approve, disapprove, conditionally approve, or approve in part and disapprove in part the Smog Check Contingency Measure SIP with respect to the overarching contingency measures requirements for the San Joaquin Valley area for purposes of the 1997 ozone NAAQS.

5. Not later than 15 business days after signature of the final actions under Paragraphs 3 and 4 of this Consent Decree, EPA shall send notice of the actions to the Office of the Federal Register for review and publication in the *Federal Register*.

6. After EPA has completed the actions set forth in Paragraphs 3 and 4 of this Consent Decree, after notices of the final actions required by Paragraph 5 have been published in the *Federal Register*, and the parties have resolved the issue of costs of litigation (including reasonable attorney fees), EPA may move to have this Consent Decree terminated. Only in the event Plaintiffs assert that EPA has failed to meet its obligations under this Consent Decree may Plaintiffs withhold consent to such motion. Plaintiffs shall have 14 days to respond to such motion, unless the parties stipulate to a longer time.

7. If EPA extends for the public interest the notice and comment period for any rule proposing the actions under Paragraphs 3 and 4, the deadlines in Paragraphs 3 and 4 shall extend automatically by the number of days equal to the extension of the notice and comment period.

8. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA and filed with the Court, or (b) by the Court upon motion by any party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply. Any other provision of this Consent Decree also may be modified by the Court following the motion of a party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.

9. If a lapse in EPA appropriations occurs within 120 days prior to any deadline in Paragraphs 3, 4 or 5 of this Consent Decree, all such deadlines shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 8.

10. Nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the Clean Air Act and by general principles of administrative law, including the discretion to alter, amend, or revise any response or final action contemplated by

this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

11. Nothing in this Consent Decree shall be construed to confer upon the Court jurisdiction to review any decision made in the final actions identified in Paragraphs 3 and 4. Nothing in this Consent Decree shall be construed to confer upon the Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to 42 U.S.C. § 7607(b)(1). Nothing in this Consent Decree shall be construed to waive any claims, remedies, or defenses that the parties may have under 42 U.S.C. § 7607(b)(1).

12. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation, including attorney fees.

13. The deadline for filing a bill of costs pursuant to Local Rule 54-1 and a motion for costs of litigation (including attorney fees) pursuant to Local Rule 54-5 for activities performed prior to entry of the Consent Decree is extended until 90 days after the Court enters this Consent Decree. During this period, the parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request and shall have at least 60 days to respond to any motion for costs of litigation (including attorney fees). Plaintiffs shall have at least 30 days to file a reply in support of their motion.

14. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer to attempt to resolve the dispute. If the parties cannot reach an agreed-upon resolution within 10 business days after receipt of the notice, any party may move the Court to resolve the dispute.

15. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be considered properly filed, unless Plaintiffs have followed the

procedure set forth in Paragraph 14 and provided EPA with written notice received at least 10 business days before the filing of such motion or proceeding.

16. Plaintiffs reserve the right to seek additional costs of litigation, including reasonable attorney fees, consistent with 42 U.S.C. § 7604(d), for activities to enforce this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation.

17. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds legally available for such purposes. No provisions of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

18. The parties agree that before this Consent Decree is entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with 42 U.S.C. § 7413(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold their consent, EPA shall promptly file a motion that requests the Court to enter this Consent Decree.

19. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law, nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

20. Any notices required or provided for by this Consent Decree shall be made in writing, via electronic mail, facsimile, and/or other means, and sent to the following (or any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs:

>Brent J. Newell
>Law Office of Brent J. Newell
>245 Kentucky Street, Suite A4
>Petaluma, California 94952
>Telephone: (661) 586-3724
>Email: brent@lawofficenewell.com

For Defendants:

>Chief, Environmental Defense Section
>U.S. Department of Justice
>P.O. Box 7611
>Washington, DC 20044-7611
>Telephone: (202) 514-2219
>Facsimile: (202) 514-8865
>Email: alex.hardee@usdoj.gov
>Reference: DJ# 90-5-2-4-23013

>Geoffrey L. Wilcox
>Office of General Counsel
>U.S. Environmental Protection Agency
>William J. Clinton Federal Building
>1200 Pennsylvania Ave., N.W.
>Washington, DC 20460
>Telephone: (202) 564-5601
>Facsimile: (202) 564-5603
>Email: wilcox.geoffrey@epa.gov

>Jefferson Wehling
>Office of Regional Counsel
>U.S. Environmental Protection Agency, Region 9
>75 Hawthorne Street, 12th Floor
>San Francisco, CA 94105
>Phone: (415) 972-3901
>Facsimile: (415) 947-4570
>Email: wehling.jefferson@epa.gov

21. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

22. This Consent Decree constitutes a complete settlement of all claims in this case.

23. Plaintiffs and EPA jointly drafted this Consent Decree. The parties agree that all rules of construction providing that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, conditions, or interpretation of this Consent Decree.

24. The undersigned representatives of each party certify that they are authorized by the party that they represent to consent to the entry of the terms and conditions of this Consent Decree.

**IT IS SO ORDERED.**

Dated: September 11, 2025

_____
HON. MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

**COUNSEL FOR PLAINTIFFS:**

Dated:  September 10, 2025

<u>/s/ Brent J. Newell (with permission)</u>
BRENT J. NEWELL (State Bar No. 210312)
Law Office of Brent J. Newell
245 Kentucky Street, Suite A4
Petaluma, California  94952
Telephone: (661) 586-3724
Email: brent@lawofficenewell.com

*Attorney for Plaintiffs*

9

**COUNSEL FOR DEFENDANTS:**

Dated: September 10, 2025

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*/s/ Alex J. Hardee*
ALEX J. HARDEE (NC Bar No. 56321)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section

*Attorney for Defendants*